IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 10-02-JJF |
| STEPHEN P. SASSI, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Stephen P. Sassi's Motion For Release Pending Appeal. (D.I. 20.) This Motion is opposed by the Government. (D.I. 22.)

On June 22, 2010, the Court sentenced Mr. Sassi to thirty-six months of incarceration for one count of Wire Fraud in violation of 18 U.S.C. § 1343. (D.I. 17.) By his present Motion Mr. Sassi requests the Court to release him pending appeal, pursuant to 18 U.S.C. § 3143(b)(1) during the pendency of his appeal of his sentence.

Under 18 U.S.C. § 3143(b)(1)[1], Mr. Sassi must establish that

---

[1] In relevant part, 18 U.S.C. § 3143(b)(1) states:
"Except as [otherwise provided] the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . ., be detained, unless the judicial officer finds --
(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . .; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a

he does not pose a flight risk or any danger to the community; that his appeal is not for the purpose of delay; and that his appeal is likely to result in reversal.

In order to establish that a sentence is likely to be reversed on appeal, a defendant must show that the sentence is not reasonable, either procedurally or substantively. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009)(en banc). Procedurally, a district court is instructed to follow a three step process in sentencing: (1) calculate the defendant's Guideline sentence, (2) rule on any departure motions, and (3) consider whether to vary from the Guidelines based on consideration of the factors set forth in 18 U.S.C. 3553(a). United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006); see also United States v. Linares-Sandoval, No. 09-1766, 2010 U.S. App. LEXIS 3799, *8 (3d Cir. Feb. 24, 2010)(confirming Gunter standard). For a sentence to be substantively reasonable, it must properly apply the § 3553(a) factors to the circumstances of the case and be appropriately based on proper judicious consideration of the relevant factors. United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007).

Mr. Sassi contends that he does not present a flight risk or any danger to the community as his conviction was for a non-

---

    reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

violent crime and he has so far complied with all required court appearances. (D.I. 20.) Additionally, Mr. Sassi argues that his appeal stands a high likelihood of success because of his personal history, payment of restitution, relinquishment of his license as a Certified Public Accountant, and his family needs based on his young children and his wife's history of health problems. (Id.) The Government disagrees with Mr. Sassi on his likelihood of success on appeal and argues that the factors Mr. Sassi cite to have already been considered in his sentence and do not present any novel issue likely to result in a reversal or reduction of his sentence. (D.I. 22.)

In the Court's view, Mr. Sassi has not demonstrated a likelihood of success on his appeal because he has not demonstrated that his sentence is unreasonable and therefore the Motion will be denied.

First, the Court concludes that Mr. Sassi's sentence was procedurally reasonable. The Court fully complied with the three step process stated in Gunter and considered all of the relevant factors in making its decision.

Second, Mr. Sassi's sentence is substantively reasonable. At Mr. Sassi's sentencing, the Court provided a clear explanation of its reasoning and its evaluation and weighing of the § 3553(a) factors. (See D.I. 21 (Hearing Tr.).) Because of that clear explanation, in the Court's view, Mr. Sassi is unlikely to succeed on appeal due to the broad latitude district courts have

3

in sentencing.  See Tomko, 562 F.3d at 568 (noting that a procedurally reasonable sentence will be affirmed as substantively reasonable so long as some other "reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided.")

In sum, the Court concludes that because Mr. Sassi is not reasonably likely to succeed on appeal in reversing or reducing his sentence, his Motion For Release Pending Appeal will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that Mr. Stephen P. Sassi's Motion For Release Pending Appeal (D.I. 20) is **DENIED**.

July 9, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE